782 F.2d 780
 Wayne FARMER, Appellant,
v.
Lawrence L. COOK, Chief of Police, Independence, Mo. Police
Dept.; Joe Doe, # 1, Independence Police Officer; Joe Doe,
# 2, Independence Police Officer; Joe Doe, # 3, Detective,
Independence Police Officer, Sergeant Smith (First Name
Unknown), Independence Police Officer, Joe Doe, # 4,
Independence Police Officer; Jane Doe, # 5, Independence
Police Officer and City of Independence, Missouri; Major
Donald Huntsinger, Independence Police Dept.; and Robert
Rinehart, Chief of Police, Independence Police Dept., Appellees.
 No. 85-1666.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 17, 1986.
Decided Jan. 29, 1986.
 
 William T. Session, Kansas City, Mo., for appellant.
 Patrick Lysaught, Kansas City, Mo., for appellees.
 Before HEANEY, ARNOLD and WOLLMAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 The question presented is whether the rule of Wilson v. Garcia, --- U.S. ----, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), holding that the personal-injury-action statutes of limitations of the respective states will govern the period within which cases must be brought under 42 U.S.C. Sec. 1983, is retroactive. The District Court, acting before Wilson was decided by the Supreme Court, held the present Sec. 1983 action barred by a three-year Missouri statute of limitations. If Wilson is to be applied, the applicable statute is five years.
 
 
 2
 In Wycoff v. Menke, 773 F.2d 983 (8th Cir.1985), we applied Wilson retroactively to bar a Sec. 1983 action that, under the law existing when the complaint was filed, would have been timely. Our Wycoff opinion fully analyzes the factors relevant to the question of retroactivity. The most important of these factors is whether retroactivity will disappoint any reliance interest of the party against whom the new rule is being applied. Here, the effect of retroactivity is to revive an action that the defendants once reasonably believed was barred. In Wycoff, the effect of retroactivity was to defeat an action that a plaintiff had reasonably believed would not be barred. The reliance interest asserted by the defendants here is, in our judgment, weaker than that asserted by the plaintiff in Wycoff, and the reasoning of our Wycoff opinion therefore requires that Wilson be applied retroactively here, just as it was there.
 
 
 3
 The Court appreciates the services of appointed counsel for plaintiff.
 
 
 4
 The judgment is reversed, and the cause remanded for whatever further proceedings are appropriate.
 
 
 5
 It is so ordered.