# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1397

_____

| | | |
|---|---|---|
| Ronald C. Sulik, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | Appeal from the United States |
| Taney County, Missouri; Theron | * | District Court for the Western |
| Jenkins; Dalton; Alan Hahn; Tony | * | District of Missouri. |
| Stephens; Barney Naotie; Ken | * | |
| Carlson; Denise Bishop; Michele | * | |
| Johnson; Michael G. Clemens; | * | |
| Leslie Clemens; Frank Miller, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: January 13, 2003

Filed: January 22, 2003

_____

Before LOKEN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

After he was assaulted in the Taney County jail, Ronald C. Sulik, a state prisoner, brought this 42 U.S.C. § 1983 action against Taney County and various law enforcement officers. Sulik's action arose on February 16, 1996. Sulik asserts he placed his complaint, dated February 15, 2001, in the prison's internal mail system

that day. The district court received Sulik's complaint on February 20, 2001. The defendants filed a motion to dismiss the petition asserting it was filed beyond the five-year statute of limitations. The district court dismissed Sulik's complaint as untimely. Judgment was entered on October 26, 2001. On November 27, 2001, one day late, the district court received Sulik's notice of appeal. The envelope containing the notice of appeal bore a November 21 postmark. Sulik appeals the dismissal of his complaint asserting the district court should have deemed his § 1983 action filed when he placed his complaint in the prison mail system.

The defendants initially contend we lack jurisdiction to consider Sulik's appeal because he did not comply with the requirements of Federal Rule of Appellate Procedure 4(c)(1) (the prison mailbox rule). The Rule provides:

> If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

The defendants point out Sulik has not submitted an affidavit as the Rule requires.

Although Rule 4(c)(1) requires a prisoner to file an affidavit reporting the precise date when he deposited his notice of appeal with prison authorities and that the prisoner prepaid postage, the Rule does not specify when a prisoner must file the affidavit. Grady v. United States, 269 F.3d 913, 917 (8th Cir. 2001). The prisoner is not required to attach his affidavit or statement to his notice of appeal. Id. at 918. Because a prisoner may not "needlessly delay proceedings without penalty," however, "a district court may refuse to consider a prisoner's Rule 4(c)(1) affidavit due to a lengthy and unwarranted delay in submission" or give the affidavit less weight. Id.

-2-

Here, it is clear Sulik deposited his notice of appeal in the prison mail system before the November 26 deadline because the envelope containing the notice bore a November 21 postmark and the notice was received by the clerk's office on November 27. The defendants do not dispute that Sulik placed his notice in the mail on November 21 as he asserts. Under the circumstances, a remand is unnecessary. We simply direct Sulik to file a Rule 4(c) affidavit with the clerk of this court within ten days from the date of this opinion.

Having concluded we have jurisdiction, we turn to the merits of the appeal. Sulik contends the district court should not have dismissed his § 1983 complaint as untimely because he placed it in the prison mail system on February 15, 2001, the last day of the limitations period. The district court considered Sulik's complaint filed five days late on February 20, 2001, the date the court received it, because "the Eighth Circuit has not extended the prison mailbox rule to the filing of civil complaints."

In Houston v. Lack, 487 U.S. 266, 270-76 (1988), the Supreme Court held a pro se prisoner's notice of appeal should be deemed filed when the prisoner delivers it to the warden for forwarding to the district court. The Court observed that a prisoner cannot control the notice of appeal after it has been delivered to prison officials, the prisoner lacks legal counsel to institute and monitor the process, and the prison authorities have incentive to delay a filing beyond the applicable time limit. Id. at 270-72. The Houston holding was later incorporated into Federal Rule of Appellate Procedure 4(c). Grady, 269 F.3d at 916. As written, the Rule applies only to notices of appeal. Id. Nevertheless, we have extended the benefits of the prison mailbox rule to pro se state prisoners who file 28 U.S.C. § 2254 habeas petitions and to pro se federal prisoners who seek similar relief under § 2255. Grady, 269 F.3d at 916. In doing so, we concluded the Supreme Court's reasoning in Houston applies with "virtually equal force" in the habeas context. Nichols v. Bowersox, 172 F.3d

1068, 1075 (8th Cir. 1999) (en banc); see Moore v. United States, 173 F.3d 1131, 1135 (8th Cir. 1999).

Although we have not yet extended the prison mailbox rule to § 1983 complaints filed by pro se prisoners, it appears that all other courts to consider the issue have held Houston applies. Casanova v. DuBois, 304 F.3d 75, 79 (1st Cir. 2002) (extending Houston to § 1983 complaints); Richard v. Ray, 290 F.3d 810, 813 (6th Cir. 2002) (per curiam) (all civil complaints); Cooper v. Brookshire, 70 F.3d 377, 380 (5th Cir. 1995) (all civil complaints); Garvey v. Vaughn, 993 F.2d 776, 783 (11th Cir. 1993) (§ 1983 & FTCA complaints); Dory v. Ryan, 999 F.2d 679, 682 (2d Cir. 1993) (§ 1983 complaints); Lewis v. Richmond City Police Dep't, 947 F.2d 733, 736 (4th Cir. 1991) (per curiam) (§ 1983 or all civil complaints); see also Edwards v. United States, 266 F.3d 756, 758 (7th Cir. 2001) (per curiam) (extending rule to all pro se filings absent exceptional circumstances). These courts have concluded the rationale for extending the prison mailbox rule to habeas actions applies equally to prisoner civil complaints.

The defendants cite no contrary law, but point out that in contrast to the thirty-day period in which a prisoner must file a notice of appeal (and the one-year period in which a prisoner must file a habeas action), Sulik had five years to file his § 1983 action against most of the defendants. This is not a valid distinction. Cooper, 70 F.3d at 380-81; Lewis, 947 F.2d at 736. The foundation of Houston is the inherent disadvantage suffered by pro se prisoners in their ability to monitor the course of their litigation. This applies regardless of the length of the limitation period. The pro se prisoner has no control over the processing of his complaint after he turns it over to prison authorities for mailing, the prisoner lacks legal counsel to institute and monitor the process, and the prison authorities have reason to delay the filing of lawsuits, especially those against prison officials. We thus join our sister circuits and hold the prison mailbox rule governs the determination of when a prisoner's civil complaint has been filed.

Accordingly, we reverse the district court's dismissal of Sulik's § 1983 complaint as untimely and remand for reinstatement of his claims against all defendants except for the police officers. Claims against the police officers are governed by a three-year statute of limitations and remain untimely even if the prison mailbox rule is applied. Claims against all other defendants are timely because Sulik delivered his § 1983 complaint to prison authorities within the five-year statute of limitations. We thus remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.