343 F.Supp.2d 820 (2004)
Richard L. KITCHEN, Plaintiff,
v.
Stuart MILLER, in his individual and official capacities as Sheriff of Audrain County; Sgt. Slaughter, in his individual and official capacities as Head Jailer of Audrain County Jail; D.W. Ancell, in his individual and official capacities as Sheriff of Randolph County; Roberta (Birdie) Link, in her individual and official capacities as Head Jailer of Randolph County Jail; and Unknown Dr. Fox, in his individual capacity, Defendants.
No. 2:04CV21DDN.
United States District Court, E.D. Missouri, Northern Division.
September 10, 2004.
*821 Joy Urbom Taylor, Greensfelder and Hemker, St. Louis, MO, for Plaintiff.
D. Keith Henson, Paule and Camazine, Clayton, MO, James J. Zych, Paule, Camazine & Blumenthal, P.C., William C. Robinson, Stephen J. Potter, Behr and McCarter, St. Louis, MO, Debora L. Hale, Ahrens and Hale, Hannibal, MO, for Defendants.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This action is before the court on the motion of defendant Ian Fawks,[1] D.O. to dismiss. (Doc. 18). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

I. BACKGROUND
Plaintiff Richard Kitchen is currently an inmate at the Farmington Correctional Center in Farmington, Missouri. While he was a pretrial detainee, Kitchen was an inmate at the Randolph County Jail. (Doc. 24 at 1.)
In September 2000, Kitchen alleges he was beaten by a fellow inmate requiring, inter alia, neurosurgery resulting in twenty-four staples in his head. (Doc. 1 at 6-12.) Kitchen alleges the staples were to be removed seven to ten days after the neurosurgery. (Doc. 1 at 6.) Kitchen alleges Dr. Fawks is under contract to provide medical services to inmates, and therefore, was charged with removing the staples. (Doc. 1 at 3-6.)
The complaint alleges the Jail Supervisor, defendant Roberta Link, was responsible for scheduling medical aftercare. Dr. Fawks did not come to the jail to remove Kitchen's staples until eighteen to twenty days after the surgery. (Doc. 1 at 6.) He alleges Dr. Fawks attempted to remove the staples by using a hemostat, not the proper equipment, causing him excruciating pain and excessive bleeding. (Doc. 1 at 6-7.) Kitchen alleges Dr. Fawks removed only three staples, because of the pain, and removed the rest of the staples three days later with a staple remover. (Doc. 1 at 6-7.) During the period of time between when Kitchen believes the staples were ordered to be removed and the time they were, Kitchen alleges his skin began to grow over the staples, resulting in excessive pain and bleeding upon eventual removal. (Doc. 1 at 7.)
After this reported incident, Kitchen commenced this action against Dr. Fawks alleging deliberate indifference to his serious medical needs in violation of the Fourteenth Amendment to the United States Constitution. (Doc. 1 at 14.)
In his motion to dismiss, Dr. Fawks argues Kitchen's claim is barred by the Missouri statute of limitations for medical malpractice, and that he fails to state a claim for deliberate indifference. (Doc. 18.) In response, Kitchen contends his claims are not time barred because the relevant statute of limitations period is the Missouri personal injury statute, and that he meets the pleading requirements to go forward on a deliberate indifference claim. (Doc. 24.)

II. DISCUSSION

A. Statute of Limitations
In Wilson v. Garcia, the Supreme Court resolved the issue of what statute of limitations period is applicable to a 42 U.S.C. § 1983 action. Wilson, 471 U.S. 261, 105 *822 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Desiring to resolve a split among the circuits, the Court held that § 1983 claims are subject to a state's general tort personal injury statute. Id. at 280, 105 S.Ct. 1938 ("Section 1983 claims are best characterized as personal injury actions....").
Recognizing Wilson, the Eighth Circuit has held the statute of imitations for general personal injury actions sounding in tort applies to suits for violation of civil rights under § 1983. See Gaona v. Town & Country Credit, 324 F.3d 1050, 1054-55 (8th Cir.2003) (recognizing application of the state personal injury statute to all § 1983 claims); Miller v. Norris, 247 F.3d 736, 739 (8th Cir.2001); Ketchum v. City of W. Memphis, Ark, 974 F.2d 81, 82 (8th Cir.1992) ("[Section] 1983 claims accruing within a particular state are to be governed by that state's general personalinjury statute of limitations, not by particular state statutes covering particular torts."); Morton v. City of Little Rock, 934 F.2d 180, 182-83 (1991) ("The limitation period in an action under 42 U.S.C. § 1983 (1988) is the state statute of limitations for personal injury."); Dautremont v. Broadlawns Hosp., 827 F.2d 291, 295 (8th Cir. 1987) ("In 1985, ... the Supreme Court held that the applicable statute of limitations in an action brought pursuant to § 1983 is the state's limitations statute that governs personal injury actions."); Wycoff v. Menke, 773 F.2d 983, 984 (8th Cir.1985) ("[A]fter Wilson, all section 1983 claims accruing within a particular state are to be governed by that state's personal injury statute of limitations.").
In his motion to dismiss, Dr. Fawks cites Foster v. Armontrout for the proposition that the statute of limitations in a § 1983 action is to be determined based on the particular claim and defendant. Foster, 729 F.2d 583, 585-86 (8th Cir.1984) (finding Missouri's statute of limitations for actions against sheriffs, coroners, or other officers applicable in a 1983 action against warden and prison guard). Foster was decided prior to the Supreme Court's decision in Wilson, and is subject to the post-Wilson jurisprudence.
Moreover, Dr. Fawks's reliance on Sulik v. Taney Co., Mo., is not persuasive. Sulik, 316 F.3d 813 (8th Cir.2003). In Sulik, the court appears to distinguish between the statute of limitations period for actions against police officers (three years) and that for other prison authorities (five years). Id. at 815-16. However, the court provided no authority for this distinction, nor does it address any such distinction with regard to physicians.
Accordingly, the court concludes that the relevant statute of limitations period is five years. See Mo.Rev.Stat. § 516.120 (2003) ("Within five years... an action for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated.") (emphasis added). The alleged incidents occurred in September 2000, making Kitchen's April 5, 2004 complaint timely.

B. Deliberate Indifference
The court, on a motion to dismiss, must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); Varner v. Peterson Farms, 371 F.3d 1011, 1016 (8th Cir.2004); Holden Farms, Inc. v. Hog Slat, Inc., 347 F.3d 1055, 1059 (8th Cir.2003). Such a motion should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle him to *823 relief. Holden Farms, 347 F.3d at 1059. The court need not, however, accord the presumption of truthfulness to any legal conclusions, opinions or deductions, even if they are couched as factual allegations. Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir.1997). However, pro se prisoner complaints are held to even "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).
A pretrial detainee's claims are evaluated under the Fourteenth Amendment and he is "entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment." Hartsfield v. Colburn, 371 F.3d 454, 457 (8th Cir.2004). Therefore, a detainee's Fourteenth Amendment claim of deliberate indifference is analyzed under the deliberate indifference standard for an Eighth Amendment violation. See Hartsfield, 371 F.3d at 457; Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994); Davis v. Hall, 992 F.2d 151, 152-53 (8th Cir.1993) (per curiam) (applying the Eighth Amendment deliberate indifference analysis to a pretrial detainee's Fourteenth Amendment claim).
To prevail on a deliberate indifference claim, plaintiff must evidence (1) he suffered from a serious medical condition, (2) defendant knew of the condition, and (3) defendant deliberately disregarded the condition. Hartsfield, 371 F.3d at 457; Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir.2000). In this case, drawing all reasonable facts and inferences in Kitchen's favor, the court finds his complaint is insufficient to state a claim upon which relief can be granted.
Dr. Fawks contends Kitchen's allegations are, at best, negligence claims and not sufficient to meet the deliberate indifference standard. (Doc. 18 at unnumbered 10.) See Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir.1997) ("Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation."). Mere displeasure with a physician's course of treatment is not sufficient. Jolly, 205 F.3d at 1096 (disagreeing with a physician's course of treatment does not rise to the level of an Eighth Amendment violation); Davis, 992 F.2d at 153 ("Disagreement with a medical judgment is not sufficient to state a claim for deliberate indifference to medical needs.").
Kitchen had multiple staples in his head, and removal did not begin until eighteen to twenty days after surgery. Kitchen does not allege, however, that Dr. Fawks is responsible for the initial delay in removal, but that defendant Link was responsible for coordinating health care. Called upon to provide medical care, Dr. Fawks attempted to remove the staples with a hemostat. After removing three staples, he ceased removal and returned three days later, ultimately removing the remaining staples with a staple remover.
Kitchen makes no further allegations that Dr. Fawks acted with intent to maltreat, malice, or gross incompetence rising to the level of deliberate indifference. See Smith v. Jenkins, 919 F.2d 90, 93 (8th Cir.1990) ("Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.") (internal citations omitted); Id. at 93 ("Medical care so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care violates the [E]ighth [A]mendment"). Therefore, Kitchen's allegations are insufficient to maintain a claim for deliberate indifference in violation of the Fourteenth Amendment.
Accordingly,
*824 IT IS HEREBY ORDERED that the motion of defendant Fox (Faux) to dismiss (Doc. 18) is sustained. The claim against him is dismissed without prejudice. and definitions.
NOTES
[1] Named as Dr. Fox in the complaint.