# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1770

_____

Patricia A. Sorensen,

        Appellant,

        v.

Perry Tidwell, Medical Administrator, McPherson Unit, ADC; Max Mobley, Deputy Director, Arkansas Department of Correction; Paul Chumley, Previous Medical Administrator, Arkansas Department of Correction; John Byus, Assistant Deputy Director, Arkansas Department of Correction; John Maples, Jr., Warden, McPherson Unit, ADC; S. Sone, M.D., McPherson Unit, ADC; Shiela Jones, RN Administrator, McPherson Unit, ADC; Jim Bishop, Sheriff, Jackson County; Jim Cooksey, Former Assistant Warden, McPherson Unit, ADC; Harold S. Erwin, Circuit Judge, Jackson County; Jackson County; Arkansas Department of Correction, Larry B. Norris, Director; Correctional Medical Services; Larry May, Deputy/Assistant Director, Arkansas Department of Correction; Scott Nance, Jackson County Public Defender; Larry Norris, Director of Arkansas Department of Correction,

        Appellees.

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: October 22, 2004
Filed: November 4, 2004
_____

Before RILEY, McMILLIAN, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Patricia Sorensen appeals the district court's dismissal of her case without prejudice for failure to prosecute. We reverse and remand.

In December 2003, Sorensen filed an action under 42 U.S.C. § 1983, primarily alleging that she was denied use of her CPAP unit, which she needed for sleep apnea. Sorensen also requested leave to proceed in forma pauperis (IFP). On January 14, 2004, the district court granted Sorensen leave to proceed IFP, assessed the filing fee, and ordered her to file an amended complaint within thirty days of the date of the order, including proof of complete exhaustion of her administrative remedies. The court warned that if Sorensen did not timely and completely respond, her complaint would be dismissed without prejudice.

Sorensen prepared an amended complaint and sent it to the clerk of the district court via United States Postal Service (USPS) certified mail. Sorensen asserts that she placed the amended complaint, dated February 10, 2004, in the prison's internal mail system on February 11, 2004. The envelope containing her amended complaint is postmarked February 12, 2004. USPS records indicate that a delivery attempt was made on February 13, 2004. Sorensen's amended complaint finally was delivered to and filed with the district court on February 17, 2004. On February 19, the district court dismissed Sorensen's complaint without prejudice for failure to prosecute,

stating that Sorensen failed to file an amended complaint or proof of exhaustion of remedies.

In *Sulik v. Taney County, Missouri*, 316 F.3d 813, 815 (8th Cir. 2003), we held that "the prison mailbox rule governs the determination of when a prisoner's civil complaint has been filed." Applying the prison mailbox rule to the present case, we find Sorensen timely filed her amended complaint with the district court. Sorensen's deadline for filing the amended complaint pursuant to the district court's order was February 13, 2004. It is clear that Sorensen deposited her amended complaint in the prison mail system before the February 13 deadline because the envelope containing the amended complaint bears a February 12 postmark.

Accordingly, we reverse the district court's dismissal of Sorensen's § 1983 complaint. We remand the case to the district court for further proceedings, including a determination of whether Sorensen exhausted administrative remedies.

_____