# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-1340

_____

Ronald C. Sulik,                              *
                                              *
            Appellant,                        *
                                              *
     v.                                       *
                                              *   Appeal from the United States
Taney County, Missouri; Theron                *   District Court for the Western
Jenkins; Dalton; Jim Justice; Alan            *   District of Missouri.
Hahn; Tony Stephens; Barney Naotie;           *
Ken Carlson; Denise Bishop; Michele           *
Johnson; Michael G. Clemens; Leslie           *
Clemens; Frank Miller,                        *
                                              *
            Appellees.                        *

_____

Submitted: December 16, 2004
     Filed: January 4, 2005

_____

Before LOKEN, Chief Judge, FAGG and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

FAGG, Circuit Judge.

     Ronald C. Sulik, a Missouri prisoner, brought this 42 U.S.C. § 1983 action against numerous Taney County and City of Branson officials, claiming violations of his constitutional rights based on events relating to his assault in the Taney County jail. The district court dismissed the complaint as untimely filed, and we reversed

after concluding Sulik's complaint was timely filed when he placed it in the prison mail. See Fed. R. App. P. 4(c)(1) (prison mailbox rule). We thus remanded for reinstatement of the claims against all defendants except for the police officers, reasoning claims against the police officers were governed by a three-year statute of limitations and remained untimely even if the prison mailbox rule was applied, and claims against all other defendants were timely because Sulik delivered his section 1983 complaint to prison authorities within the five-year statute of limitations. See Sulik v. Taney County, Mo., 316 F.3d 813, 814-16 (8th Cir. 2003) (hereinafter Sulik I).

On remand, the district court expressed doubt about our statute of limitations ruling but concluded it was bound by this law of the case. Thus, based on Sulik I's holding the claims against the police officers were untimely, the district court dismissed defendants Taney County Sheriff Theron Jenkins; Taney County jail employees Allan Hahn, Denise Bishop, Michelle Johnson, Michael Clemens, Frank Miller, Ken Carlson, and Tony Stephens; and City of Branson detective Steve Dalton. The district court also dismissed the claims against defendant Leslie Clemens for lack of state action, and against defendants Taney County prosecutors Barney Naotie and Jim Justice based on prosecutorial immunity. Sulik appeals, asking this court to revisit--as contrary to precedent--its holding in Sulik I on the issue of the three-year limitations period.

Ordinarily, the legal holding in Sulik I of Missouri's three-year statute of limitations applying to the claims against the police officers would be the "law of the case" and would prevent relitigation of the issue. See Arizona v. California, 460 U.S. 605, 618 (1983) (law of case doctrine posits "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"). However, we are not bound to follow the law of the case when the earlier panel opinion contains a clear error on a point of law and works a manifest injustice. See Little Earth of United Tribes, Inc. v. United States Dep't of Hous. &

Urban Dev., 807 F.2d 1433, 1441 (8th Cir. 1986) (law-of-case doctrine does not apply when prior decision is "clearly erroneous and works manifest injustice"); see also Zdanok v. Glidden Co., 327 F.2d 944, 952-53 (2d Cir.) (good sense exception to law-of-case doctrine includes "clear conviction of error on a point of law that is certain to recur"), cert. denied, 377 U.S. 934 (1964).

Our holding in Sulik I applying a three-year statute of limitations to the claims against the police officers was a clear error of law, and letting it stand would work a manifest injustice. We therefore overrule Sulik I on this point of law. Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4) (2000), applies to all of Sulik's section 1983 claims. See Wilson v. Garcia, 471 U.S. 261, 276 (1985) (§ 1983 actions should be characterized as personal injury claims for purpose of applying appropriate state statute of limitations); Farmer v. Cook, 782 F.2d 780, 780 (8th Cir. 1986) (per curiam) (§ 1983 claims brought in Missouri were subject to 5-year statute of limitations). Accordingly, the claims against the defendant officers--i.e., Jenkins, Hahn, Bishop, Johnson, Michael Clemens, Miller, Carlson, Stephens, and Dalton--were timely filed, and we remand to the district court for reinstatement of these claims.

We affirm the dismissal of the other individual defendants--Leslie Clemens, Naotie, and Justice--for the reasons stated by the district court.

Upon reviewing the record, we note Sulik's amended complaint also named as defendants Taney County and City of Branson. However, the district court's dismissal order did not mention either the County or City; the district court docket sheet did not list the City as a defendant; and the district court, in granting Sulik in forma pauperis status after he filed his original complaint against the County and the individual defendants, had dismissed the claim against the County for Sulik's failure to allege the actions taken were pursuant to Taney County policy. In his amended complaint, Sulik renamed the County and specifically named the City, and alleged he

filed complaints about the assault with the County and City, but defendants determined the assault was consistent with their policies and customs.  We find this allegation was sufficient to state a claim against both the County and the City, <u>see</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 694 (1978) (municipality may be held liable only for constitutional violations resulting from policy or custom); and on remand, we direct the district court to reinstate the County as a defendant and add the City as a defendant.

Finally, we deny Sulik's motion for appointment of counsel and City detective Dalton's motion to dismiss the appeal as against him.  Dalton is a proper appellee, because even though he never received service below, the district court docket sheet listed him as a defendant and the court sua sponte ordered him dismissed from the action for the same reason it dismissed the defendant officers.

Accordingly, we remand for further proceedings consistent with this opinion.

_____