**UNITED STATES COURT OF APPEALS**

**December 11, 2013**

**TENTH CIRCUIT**

LEONARD E. LOVE,

      Petitioner - Appellant,

v.

CHARLES A. DANIELS, USP Florence,

      Respondent - Appellee.

No. 13-1219
(D.C. No. 1:12-CV-00306-WJM-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

Leonard Love, a federal inmate proceeding pro se, appeals the denial of his

petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241.  Love alleges

that he was denied due process in connection with the loss of good time credits.

---

    * After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 1291,[1] we affirm in part, reverse in part, and remand for further proceedings.

## I

Love was sentenced to 300 months' imprisonment for convictions for bank robbery, armed bank robbery, and knowingly using and brandishing a firearm during and in relation to a crime of violence. While he was incarcerated at the Federal Correctional Institute ("FCI") in Allenwood, Pennsylvania, Love received several disciplinary convictions which form the basis of his claims.

In the first relevant matter, Incident Report Number ("IR") 2073264, Love was convicted of two disciplinary charges, "Use of the telephone for abuse other than criminal activity" (code 397) and "Unauthorized use of the mail" (code 410). The charges related to Love's instructions to an individual outside of the prison system regarding the establishment and maintenance of a website and the editing and delivery of photos of other inmates. Love was sanctioned with the loss of phone privileges for sixty days and the loss of email and visitation privileges for thirty days.

In IR 2165470, Love was sanctioned for "Conduct disruptive to the orderly

---

[1] Because Love is a federal prisoner proceeding under § 2241, he is not required to obtain a certificate of appealability. Howard v. U.S. Bureau of Prisons, 487 F.3d 808, 810 n.1 (10th Cir. 2007).

running of a BOP facility" (code 299) most like "Use of telephone for abuse other than criminal activity" (code 297), and "Unauthorized contact with the public" (code 327). These convictions related to Love's efforts, through a third party, to arrange for the Chief Probation Officer of Western Pennsylvania to speak to the graduating class of a mentoring program that Love created without notifying the officer that he was an inmate. Love received disciplinary segregation of thirty days, disallowance of twenty-seven days' good conduct time, fifty days' forfeiture of non-vested good conduct time, and the loss of visitation and email privileges for eight months.

Love was again sanctioned for violating code 299 most like 297 in IR 2166786. However, Love submitted a declaration stating that this conviction was reversed by the Northeast Regional Office of the Bureau of Prisons and expunged from his record. Love also submitted an "Administrative Remedy" report that appears to support this claim.

In IR 2170548, Love was again found to have violated code 299 most like code 297. Because this was Love's third such offense, the Discipline Hearing Officer ("DHO") concluded that Love was subject to heightened sanctions of sixty days' disciplinary segregation, fifty-four days' disallowance of good conduct time, 250 days' forfeiture of non-vested good conduct time, six months' loss of commissary privileges, and three years' loss of email privileges. Love was also found to have violated code 408, "Conducting a business," for which he lost phone and visitation privileges for six months. These charges stemmed from Love's exchanges with a third party regarding a business

that established and maintained websites for inmates.

Love asserted three due process claims in his § 2241 petition, challenging various aspects of the disciplinary proceedings that led to his loss of good conduct time. A magistrate judge recommended that the petition be denied. Over Love's objections, the district court adopted the magistrate judge's report and recommendation and denied the writ.

**II**

The government contends that we lack jurisdiction because Love's notice of appeal was untimely. "The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004) (quotation omitted). Love bears the burden of establishing that we have subject-matter jurisdiction over his appeal. Id. Because Love is proceeding pro se, we construe his filings liberally. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

Love had sixty days to file a notice of appeal after the district court denied his motion for reconsideration on March 13, 2013. Fed. R. App. P. 4(a)(1)(B), (a)(4)(A). Because the sixtieth day fell on a weekend, the period ran until the end of the day on May 13, 2013. See Fed. R. App. P. 26(a)(1)(C). Love's notice of appeal was filed on May 16, 2013. However, because Love is incarcerated, his notice of appeal was "timely if it [wa]s deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. P. 4(c)(1).

- 4 -

In response to a show cause order from this court, Love submitted a document requesting acknowledgment from a prison official that he submitted legal mail on May 9, 2013. A handwritten note apparently from a prison official on that document confirms that Love sent legal mail to the U.S. District Court for the District of Colorado on May 9. However, the government has submitted a declaration from the same prison official stating that although the note is in her handwriting, she "would not have written 'May 9, 2013'" on Love's document because the legal mail collection form she maintains does not indicate that Love sent legal mail between May 8 and May 14, 2013. Despite this conflicting evidence, we conclude that Love has satisfied his burden of establishing jurisdiction because the envelope in which the district court received the notice of appeal is postmarked May 13, 2013. See Sorensen v. Tidwell, 114 F. App'x 266, 267 (8th Cir. 2004) (unpublished) (prison mailbox rule is satisfied if document is postmarked by deadline, making it "clear" that the defendant deposited the document in the prison mail system before the deadline).

### III

Having established jurisdiction, we turn to Love's two challenges to the district court's ruling. "When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." al-Marri v. Davis, 714 F.3d 1183, 1186 (10th Cir. 2013).

## A

Love first challenges the district court's harmless error analysis. Although an inmate's liberty interest in "earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment," prison disciplinary proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Howard, 487 F.3d at 811-12 (quotations omitted). Pursuant to Wolff v. McDonnell, 418 U.S. 539 (1974), inmates facing disciplinary proceedings may "call witnesses and present documentary evidence" when doing so will not "be unduly hazardous to institutional safety or correctional goals." Id. at 566. Love argues that the district court should have examined whether he received the procedural protections guaranteed by Wolff rather than considering first whether any procedural error was harmless. But "errors made by prison officials in denying witness testimony at official hearings are subject to harmless error review." Howard, 487 F.3d at 813 (quotation omitted). We agree with the district court's conclusion that any procedural error was harmless because the evidence and testimony Love would have offered could not have supported his defense.

To the extent that Love alleges insufficient evidence for his disciplinary convictions, we agree with the district court that the evidence was sufficient. A revocation of earned good time must be supported only by "some evidence in the record," which is satisfied if "there is any evidence in the record that could support the conclusion

reached by the disciplinary board." Id. at 812.  Love has not shown that the district court erred in its application of this standard.

**B**

Love also contends that the heightened sanctions he received following his conviction in IR 2170548 were improper.  The relevant regulations in place at the time that Love was sanctioned provided:

> When . . . DHO finds that an inmate has committed a prohibited act . . . and when there has been a repetition of the same offense(s) within recent months (offenses for violation of the same code), increased sanctions are authorized to be imposed by the DHO . . . .

28 C.F.R. § 541.13, tbl.5 (2010).

The magistrate judge's report and recommendation did not specifically address Love's argument that heightened sanctions were improper in IR 2170548.  Love objected to this omission, reiterating his claim that the reversal of IR 2166786 eliminated one of the predicate offenses necessary for the heightened sanctions imposed in IR 2170548.  The district court stated that the status of IR 2166786 was "immaterial" because Love had been convicted of predicate offenses in IR 2073264 and IR 2165470.  However, this conclusion was clearly erroneous.  Although the district court stated that IR 2073264 involved a violation of codes 297 and 410, the record reflects that IR 2073264 actually

- 7 -

involved codes 397 and 410.[2] Thus, IR 2073264 cannot serve as one of the two offenses underlying the heightened sanctions imposed in IR 2170548 for violating code 299 most like code 297 a third time. See id. ("repetition of the same offense(s)" requires "violations of the same code").

The government states that although the DHO expunged the violation of code 327 in IR 2166786, it did not expunge the violation of code 299 most like 297. The record supports that statement, but it does not rebut Love's claim that the Northeast Regional Office reversed and expunged his conviction in IR 2166786 following the DHO's decision. See 28 C.F.R. § 542.14(d)(2) (permitting appeals of DHO decisions to a regional director). Love's affidavit and supporting "Administrative Remedy" report are not conclusive, but they do appear to show that IR 2166786 was reversed. Thus, we remand to the district court to find in the first instance if IR 2166786 can serve as one of the predicate violations underlying the heightened sanctions that Love received, and if not, whether § 2241 relief is appropriate.

**IV**

The judgment of the district court is **AFFIRMED** in part, **REVERSED** in part,

---

[2] Confusingly, both codes 297 and 397 prohibit "[u]se of the telephone for abuses other than criminal activity." 28 C.F.R. § 541.13, tbl.3 (2010). The two codes represent different severity levels, however, as code 297 is in the "high category" and code 397 is in the "moderate category." Id.

and the case **REMANDED** for further proceedings consistent with this order and

judgment.

Entered for the Court

Carlos F. Lucero
Circuit Judge