FILED
United States Court of Appeals
Tenth Circuit

May 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PAUL RICHARD PAYNE,

        Plaintiff - Appellant,

v.

STEVEN TURLEY; FNU FELAND,
Chaplain; BILLIE CASPER; A.C.
BIGELOW,

        Defendants - Appellees,

   and

TOM ANDERSON; EDWARD
KINGSFORD,

        Defendants.

No. 12-4213
(D.C. No. 2:10-CV-00422-DB)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

submitted without oral argument.

Plaintiff Paul Payne, a state prisoner incarcerated in Utah, filed this *pro se* civil rights action under 42 U.S.C. § 1983. In his complaint, he alleged prison officials violated his civil rights by denying him visits from religious staff or volunteers and by restricting his right to file inmate grievances. Defendants filed a motion to dismiss, and Plaintiff opposed the motion. Both the motion to dismiss and Plaintiff's response relied upon materials outside the pleadings. Plaintiff subsequently filed a motion for summary judgment, accompanied by various exhibits.

The district court then issued its memorandum decision and order. The district court held that because Defendants' motion to dismiss relied on materials outside the pleadings and because Plaintiff had had a reasonable opportunity to respond, the motion should be treated as one for summary judgment in accordance with Rule 12(d) of the Federal Rules of Civil Procedure. The district court then granted summary judgment in favor of Defendants on Plaintiff's first claim for relief and dismissed the remaining claims under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief could be granted.

Plaintiff did not file a notice of appeal within thirty days after entry of the district court's order dismissing his claims and closing the case. Rather, he filed only a motion for an extension of time in which to file a motion for reconsideration. Plaintiff later filed two motions for reconsideration in which he argued that (1) the district court erred in converting Defendants' motion to dismiss into a motion for summary judgment without

first providing Plaintiff notice; (2) the court should not have dismissed any claims under § 1915(e) at this stage of the proceedings; (3) the court erred in failing to rule on Plaintiff's motions for summary judgment and for access to a law library or standby counsel; and (4) there were various errors in the district court's treatment of his claims on the merits. The district court treated Plaintiff's motions for reconsideration jointly and denied them in an order issued on November 19, 2012. Plaintiff's notice of appeal to this court was filed on December 20, 2012, but the postmark on the envelope shows that it was mailed from the prison on December 19, 2012. In response to this court's show-cause order, Plaintiff submitted an affidavit attesting that he placed his notice of appeal in the mailbox at the Utah State Prison, first-class postage pre-paid, on December 15, 2012.

The first matter we must address in this case is the question of our appellate jurisdiction. In order to appeal the district court's dismissal of his complaint, Plaintiff was required to file a notice of appeal within thirty days after entry of the district court's decision. *See* Fed. R. App. P. 4(a)(1)(A). If Plaintiff had filed a timely motion for post-judgment relief under Rule 59 of the Federal Rules of Civil Procedure, the time for him to file a notice of appeal would have been tolled. *See* Fed. R. App. P. 4(a)(4). However, such a motion, to be timely, "must be filed no later than 28 days after the entry of judgment," Fed. R. App. P. 4(a)(4)(A)(vi)59(b), and a district court is not permitted to extend this deadline, Fed. R. Civ. P. 6(b)(2). A motion for post-judgment relief under Rule 60 must likewise be filed within twenty-eight days in order to toll the time for filing a notice of appeal, Fed. R. App. P. 4(a)(4)(A)(vi). In this case, Plaintiff filed neither a

notice of appeal nor a motion for post-judgment relief within the applicable filing deadlines, and his motion for an impermissible extension of time in which to file a motion for post-judgment relief did not toll the deadline for him to file a notice of appeal. We accordingly conclude that we lack appellate jurisdiction to consider the merits of the district court's underlying judgment.

This does not end the matter, however, since we have jurisdiction to review the district court's denial of a post-judgment motion if the appellant filed a timely notice of appeal from the denial of post-judgment relief, even where the lack of an earlier notice of appeal deprives us of jurisdiction to review the merits of the underlying judgment. *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Thus, we may review the district court's denial of Plaintiff's requests for post-judgment relief if we conclude that Plaintiff's notice of appeal was filed within thirty days following the district court's order denying post-judgment relief. Ordinarily, a notice of appeal is deemed filed upon receipt by the court, *Houston v. Lack*, 487 U.S. 266, 273 (1988), and Plaintiff's notice of appeal would be untimely under this reckoning. However, a prisoner who meets certain procedural requirements is entitled to avail himself of the prison mailbox rule, which permits the date of filing to be based upon the date that a notice of appeal is deposited in the institution's internal mail system. Fed. R. App. P. 4(c)(1). We conclude Plaintiff is entitled to avail himself of the prison mailbox rule in this case based on his affidavit and the postmark on his envelope, which makes it clear that Plaintiff deposited his notice of appeal in the prison mail system before the filing deadline. *See Love v.*

-4-

*Daniels*, 549 F. App'x 801, 803-04 (10th Cir. 2013). We therefore have appellate jurisdiction to consider the district court's denial of Plaintiff's post-judgment motions for relief.

Because Plaintiff filed his post-judgment motions for reconsideration more than 28 days after the district court's judgment, we construe them as motions for relief pursuant to Rule 60(b), *see Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), and we review the denial of relief only for an abuse of discretion, *Servants of Paraclete*, 204 F.3d at 1009. Applying this deferential standard of review, we affirm the district court's denial of post-judgment relief. Under the circumstances of this case, we are not persuaded the district court abused its discretion in rejecting Plaintiff's argument that he was entitled to post-judgment relief based upon the court's failure to provide notice of its intent to convert Defendants' motion to dismiss into a motion for summary judgment. Nor do we see any error, much less an abuse of discretion, in the district court's legal conclusion that it was required under § 1915(e) to dismiss Plaintiff's claims at any time if the court determined that he had failed to state a claim on which relief could be granted. We further conclude that the district court's failure to explicitly rule on Plaintiff's pending motions for summary judgment and for access to a law library or standby counsel did not entitle him to discretionary post-judgment relief. Finally, we hold that Plaintiff's arguments regarding the merits of his claims did not justify relief from the district court's judgment under Rule 60(b). *See Van Skiver*, 952 F.2d at 1244.

For the foregoing reasons, we **AFFIRM** the district court's denial of post-

-5-

judgment relief and hold that we lack jurisdiction to consider the merits of the underlying judgment. Plaintiff's motion to compel access to a law library is **DENIED**. We **GRANT** Plaintiff's motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full.

Entered for the Court

Monroe G. McKay
Circuit Judge