**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO ALEXANDER BARRIENTOS, *Petitioner*, | No. 14-73178 |
| v. | Agency No. A206-548-254 |
| LORETTA E. LYNCH, Attorney General, *Respondent.* | ORDER |

Filed July 19, 2016

Before: Jerome Farris, Diarmuid F. O'Scannlain,
and Morgan Christen, Circuit Judges.

## SUMMARY[*]

### Immigration

The panel granted Arturo Alexander Barrientos's motion asking the court to exercise its discretion to consider new evidence not filed with his petition for review which showed that the petition was timely filed because it complied with the conditions of the "prison mailbox" rule, Fed. R. App. P. 25(a)(2)(C).

The panel held that under Rule 25(a)(2)(C) this court has discretion to refuse to consider, or to give less weight to, an inmate's declaration or notarized statement submitted after the inmate's legal filing. The panel granted Barrientos's motion to submit the new evidence, exercised its discretion to consider his affidavit and the prison's outgoing mail log, and concluded that his petition for review was timely filed.

The panel held that it thus had jurisdiction over the petition for review under 8 U.S.C. § 1252, and resolved the merits in a memorandum disposition filed concurrently with this order.

### COUNSEL

Nicholas Smith (argued) and Hain-Whei Hsueh, Certified Law Students; Stephen A. Tollafield, Supervising Counsel;

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Gary A. Watt, Supervising Counsel; Hastings Appellate Project, San Francisco, California; for Petitioner.

Manuel A. Palau (argued), Trial Attorney; Terri J. Scadron, Assistant Director; Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.; for Respondent.

## ORDER

We must determine whether we have jurisdiction over a petition for review of a decision of the Board of Immigration Appeals that our clerk's office received five days after the deadline for filing.

### I

Arturo Alexander Barrientos, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' decision affirming the immigration judge's denial of withholding of removal and protection under the Convention Against Torture.

### A

Under 8 U.S.C. § 1252(b)(1), the "petition for review must be filed not later than 30 days after the date of the final order of removal." This deadline is "mandatory and jurisdictional." *Abdisalan v. Holder*, 774 F.3d 517, 521 (9th Cir. 2014) (en banc) (quoting *Stone v. INS*, 514 U.S. 386, 405 (1995)). The burden is on Barrientos to establish jurisdiction,

as he is "the party invoking jurisdiction." *Haroutunian v. INS*, 87 F.3d 374, 376 (9th Cir. 1996).

As a general matter, a filing in the court of appeals "is not timely unless the clerk *receives* the papers within the time fixed for filing." Fed. R. App. P. 25(a)(2)(A) (emphasis added); *see also* Fed. R. App. P. 25(a)(2)(B) (treating briefs and appendices as timely filed if mailed by the required date). "[W]hat is most plain about the purpose of the word 'receives' is that it rejects a mailbox rule for petitions for review." *Sheviakov v. INS*, 237 F.3d 1144, 1147 (9th Cir. 2001). However, a mailbox rule exists for confined inmates:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 25(a)(2)(C). This rule accompanied Rule 4(c), which addresses filing of a notice of appeal in the district court, and extended the holding in *Houston v. Lack*, 487 U.S. 266 (1988), "to all papers filed in the courts of appeals by persons confined in institutions." *See* Fed. R. App. P. 25(a), advisory committee's note to 1993 amendment.

B

Here, the final order of removal is the decision of the Board of Immigration Appeals, which is dated September 9, 2014.  The deadline to file was therefore October 9, 2014.  The petition for review, although dated October 7, 2014, was not received by the court until October 14, 2014, which was five days past the deadline.  As a result, the petition would only be timely filed, and we would only have jurisdiction, if Barrientos can take advantage of the "prison mailbox" rule.

Barrientos was detained by immigration authorities at the Northwest Detention Center in Tacoma, Washington, when he filed his petition for review, so he is eligible for the benefits of Rule 25(a)(2)(C) if he complied with its requirements.  To comply with such requirements, an inmate must deposit a paper in the institution's internal mailing system on or before the last day for filing and must use the institution's system for legal mail, if it has one.  *See* Fed. R. App. P. 25(a)(2)(C).  In addition, the inmate must direct that the paper be sent to the court.  *See Houston*, 487 U.S. at 273 ("[D]elivery of a notice of appeal to prison authorities would not under any theory constitute a 'filing' unless the notice were delivered for forwarding to the . . . court.").

In this case, Barrientos did not include with his petition a declaration or notarized statement as described in Rule 25(a)(2)(C).  Moreover, he did not state whether the institution in which he was detained has a system designed for legal mail or whether he used that system to mail his petition to our clerk's office.  As a result, Barrientos's initial filings failed to demonstrate that he had complied with the requirements of Rule 25(a)(2)(C), and his petition might have been untimely.  Because we lack jurisdiction over an

untimely petition, we raised this issue *sua sponte* and ordered supplemental briefing from the parties.

C

With Barrientos's supplemental brief, he has submitted a motion requesting permission to file new evidence that he did comply with the conditions of Rule 25(a)(2)(C). He submitted an affidavit in which he declares that he is detained; that his detention center has one outgoing mail receptacle for all mail, including legal mail; that he deposited his petition for review in the outgoing mail receptacle on October 7, 2014; and that he included first-class postage prepaid.

II

Next, we must determine whether to consider and whether to credit the newly filed evidence of compliance.

A

Although Rule 25(a)(2)(C) states that timely filing may be shown with a declaration or notarized statement,[1] it does not specify when an inmate must submit such document. The Eighth Circuit considered this issue in a case regarding Rule

---

[1] As a general matter, we cannot consider extra-record evidence. We must limit our review of the merits of Barrientos's petition to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). However, we may consider evidence, "not in order to supplement the administrative record on the merits, but rather to determine whether petitioners can satisfy a prerequisite to this court's jurisdiction." *Nw. Envtl. Def. Ctr. v. Bonneville Power Admin.*, 117 F.3d 1520, 1528 (9th Cir. 1997).

4(c), which mirrors the text of Rule 25(a)(2)(C). *See Grady v. United States*, 269 F.3d 913, 917–18 (8th Cir. 2001). In *Grady*, the court considered the text of Rule 4(c), which does not expressly require simultaneous filing. *Id.* at 917. It then contrasted Rule 4(c) with Supreme Court Rule 29.2, which does explicitly mandate that the declaration or notarized statement accompany the inmate's legal filing. *Id.* at 917–18. The Eighth Circuit explained that such contrast was intentional. The advisory committee had considered and "explicitly rejected [Supreme Court Rule 29.2's] requirement that a prisoner's affidavit accompany his notice of appeal." *Id.* at 918. Thus, the Eighth Circuit concluded that Rule 4(c) "does not require a prisoner to file an affidavit accompanying, or attached to, his motion or notice of appeal." *Id.* But, it cautioned:

> By determining that a prisoner's affidavit need not accompany his legal filing, we do not suggest that a prisoner may needlessly delay proceedings without penalty. In the appropriate case, a district court may refuse to consider a prisoner's Rule 4(c) affidavit due to a lengthy and unwarranted delay in submission. Or, if a court elects to consider a prisoner's greatly-delayed affidavit, the court may well decide that it deserves less weight than other evidence in the record. An affidavit filed long after the events in question have occurred tends to be less trustworthy than a promptly-recorded statement because the passage of time dulls memories.

*Id.* Therefore, the court has discretion to reject or to give less weight to a declaration or affidavit that does not accompany the inmate's legal filing.

We are persuaded by the Eighth Circuit's analysis and apply its holding in *Grady* to inmate filings in the court of appeals. Under Rule 25(a)(2)(C), when a declaration or notarized statement is submitted after the inmate's legal filing, we have discretion to refuse to consider, or to give less weight to, such declaration or statement.[2]

## B

Here, the government did not oppose Barrientos's motion to submit his new affidavit. Moreover, it conceded at oral argument that, with the new affidavit, the petition was timely filed. After oral argument, Barrientos submitted a copy of the outgoing mail log from the Northwest Detention Center, which shows that the detention center received mail addressed to our court from Barrientos on October 8, 2014.[3] Given this corroborating evidence and the government's concession, we (1) grant Barrientos's Motion To Supplement

---

[2] Our conclusion aligns with proposed amendments to Rules 4(c) and 25(a)(2)(C)—which are set to take effect December 1, 2016, absent intervention by Congress. Under such amendments, a contemporaneously filed affidavit is sufficient, but not necessary, and a non-contemporaneous affidavit may be considered by the court of appeals in its discretion. *See* Amendments to the Federal Rules of Appellate Procedure 46–49 (U.S. Apr. 28, 2016) (to be codified at Fed. R. App. P. 4(c), 25(a)(2)(C)), http://www.uscourts.gov/file/document/2016-04-28-final-package-congress.

[3] We construe Barrientos's letter submitting the mail log as a motion to supplement the record, which we grant.

Court's Docket, ECF No. 56; (2) exercise our discretion to consider the affidavit and mail log; and (3) conclude that Barrientos's petition for review was timely filed pursuant to Rule 25(a)(2)(C).

### III

As a result, we have jurisdiction under 8 U.S.C. § 1252. The merits of the petition are resolved in a memorandum disposition filed concurrently with this order.

**MOTION GRANTED.**