**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTURO ALEXANDER BARRIENTOS, | No. 14-73178 |
| Petitioner, | Agency No. A206-548-254 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 12, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Arturo Alexander Barrientos, a native and citizen of El Salvador, petitions

for review of the BIA's decision affirming the IJ's denial of withholding of

removal and protection under the Convention Against Torture (CAT). In an order

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

filed concurrently with this memorandum disposition, we conclude that we have jurisdiction under 8 U.S.C. § 1252.[1]  We deny the petition for review.

I

Barrientos first argues that the record compels the conclusion that he would suffer future persecution because of membership in his family if he returned to El Salvador.  *See* 8 U.S.C. § 1231(b)(3)(A).

Barrientos's testimony and asylum application plainly state that his past persecution was, and future persecution would be, because he refused to join the Mara Salvatrucha (MS-13) gang, not because of his family membership.  In another sign that he would not be persecuted *because of* his family, Barrientos testified that, other than his cousin, numerous close relatives in El Salvador, with the same last name, have not been harmed by MS-13.  Barrientos testified that his cousin "was killed because he didn't want to become a member of" the gang, not because of his family membership.  Barrientos's additional arguments are not supported by the record.

We conclude that the record does not compel the conclusion that it is more likely than not that any future persecution of Barrientos would be "because of" membership in his family.  *See* 8 U.S.C. § 1231(b)(3)(A).

---

[1] *See Barrientos v. Lynch*, No. 14-73178, — F.3d — (9th Cir. July 19, 2016).

II

Barrientos also complains of several errors related to potential persecution because of his membership in cognizable social groups of "those who are forcibly conscripted by MS-13 in El Salvador" or those who have "spoken out against the MS-13 while in the United States."

But Barrientos's brief to the BIA only included two sentences addressing a social group other than his family—those who have "spoken out against MS-13 while in the United States."  "[W]hen a petitioner does file a brief, the BIA is entitled to look to the brief for an explication of the issues that petitioner is presenting to have reviewed."  *Abebe v. Mukasey*, 554 F.3d 1203, 1208 (9th Cir. 2009).  A "petitioner must state with sufficient specificity the ground for appeal."  *Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003).  Barrientos's brief to the BIA provided no supporting authority for the contention that his proposed alternative social group was cognizable.  *See id.* at 820.  Moreover, he included no discussion of facts supporting the conclusion that such a group was cognizable, that he in fact had spoken out against the gang while in the United States, or that it was more likely than not that he would be persecuted because of his membership in such a group.  *See id.*

We therefore conclude that Barrientos's brief to the BIA was insufficient to make out a withholding claim on the basis of another social group besides family.[2]

## III

Barrientos also challenges the BIA's affirming the IJ's denial of CAT relief. "[R]elief under the Convention Against Torture requires a two part analysis—first, is it more likely than not that the alien will be tortured upon return to his homeland; and second, is there sufficient state action involved in that torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting *Tamara-Gomez v. Gonzales*, 447 F.3d 343, 351 (5th Cir. 2006)). Barrientos failed to meet his burden on either prong of this two-part analysis.

---

[2] At oral argument before our Court, Barrientos's counsel repeatedly asserted that Barrientos's brief to the BIA was filed pro se. It was not. Zachary D. Aho, Esq., filed the brief.

4

A

The IJ concluded that Barrientos failed to establish past torture or a

likelihood of future torture if he returns to El Salvador.[3]  While "[a]cts constituting

torture under CAT are varied, and include beatings and killings," *Cole v. Holder*,

659 F.3d 762, 771 (9th Cir. 2011) (internal quotation marks omitted), the record

does not compel the conclusion that the particular beating previously suffered by

Barrientos rose to the level of "an extreme form of cruel and inhuman treatment,"

*see* 8 C.F.R. § 1208.18(a)(2).

Regarding future torture, the IJ correctly noted that Barrientos has numerous

family members living without harm or threat of harm from the gangs in El

Salvador.  That finding informed the IJ's conclusion that Barrientos could "safely

and reasonably relocate to another part of El Salvador."  Barrientos points to his

testimony that his mother told him that MS-13 has "been asking around the

---

[3] "In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered" by the IJ.  8 C.F.R. § 1208.16(c)(3); *Aguilar-Ramos v. Holder*, 594 F.3d 701, 705 n.6 (9th Cir. 2010).  Barrientos criticizes the BIA's conclusory resolution of his CAT claim.  However, "[w]here, as here, the BIA does not expressly state whether it conducted de novo review and the lack of analysis in its order suggests it gave significant weight to the IJ's decision, we will review the IJ's decision 'as a guide to what lay behind the BIA's conclusion.'" *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006) (quoting *Kozulin v. INS*, 218 F.3d 1112, 1115 (9th Cir. 2000)).  We conclude that the IJ considered all the relevant evidence.

neighborhood trying to find out if I've been back yet," and that "[w]herever I go, they're going to come find me and kill me." Even if MS-13 is asking about him and he does have a subjective fear of being killed, such evidence does not *compel* the conclusion that it is likely that Barrientos will be tortured or killed if he returns to El Salvador.

B

The record supports the IJ's conclusion that the government would not acquiesce in Barrientos's torture. Barrientos testified that, if he reported a crime to the police, the police "would arrest them, and they would investigate, and . . . they would arrest them, but then they have other people on the outside, and these people on the outside would then come after me and my family." When asked if the government could protect him if he were to return to El Salvador, Barrientos testified, "Yes, I think they could protect me, but really, in reality, I'm from a poor family, and I'm — they're not going to want to be taking care of me 24 hours a day."

The IJ found that the country condition reports in the record supported his conclusion. Specifically, the IJ noted that the reports "indicate that El Salvador suffers from gang violence and government corruption," but they "also indicate

6

that the government of El Salvador has undertaken numerous initiatives to combat gang violence and curb corruption."

This evidence and Barrientos's testimony support the IJ's conclusion that the Salvadoran government's efforts to curb gang violence and corruption "may not be the most effectual, but [the evidence does] not indicate that the government would turn a blind eye or acquiesce to the torture of its citizens by gangs." The evidence also supports the BIA's (implied) conclusion that the Salvadoran government is having "difficulty controlling criminals," but is not "acquiescing in criminal activities." To the extent that El Salvador's policies are ineffective in reducing gang violence, they are similar to those programs in *Garcia-Milian* that showed that the government was not willfully blind to attacks on its citizens. *See Garcia-Milian*, 755 F.3d at 1035.

In sum, the BIA's conclusion that the Salvadoran government would not acquiesce in the torture of Barrientos is supported by substantial evidence. The evidence does not compel a conclusion to the contrary.

**DENIED.**