NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 29 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN ANDRES DEVORA-ROJAS, | No. 11-71925 |
| Petitioner, | Agency No. A095-722-336 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2018**
Pasadena, California

Before: LIPEZ,*** NGUYEN, and OWENS, Circuit Judges.

Juan Andres Devora-Rojas, a native and citizen of Mexico, petitions for

review of a Board of Immigration Appeals' ("BIA" or "the Board") order denying

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

his motion to (1) reconsider the dismissal of his appeal from an immigration judge's rejection of his application for cancellation of removal, and (2) reopen proceedings based on ineffective assistance of counsel. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider or reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny in part and grant in part the petition for review.

## I. Motion for Reconsideration

The BIA did not abuse its discretion in denying Devora-Rojas' motion to reconsider its November 2010 decision to dismiss his appeal on the ground that he failed to identify any error of law or fact in the BIA's earlier decision. *See* 8 U.S.C. § 1229a(c)(6)(A), (C); 8 C.F.R. § 1003.2(b); *Matter of O-S-G-*, 24 I. & N. Dec. 56, 57 (BIA 2006) ("A motion to reconsider challenges the Board's original decision and alleges that it is defective in some regard."). In his motion to reconsider, petitioner did not explain how the BIA erred in determining that he waived any challenge to the immigration judge's dispositive finding on the hardship prong of the cancellation-of-removal inquiry. *See generally* 8 U.S.C. § 1229b(b)(1) (listing the prerequisites for cancellation of removal, including a showing that "removal would result in exceptional and extremely unusual hardship to" qualifying family

members).  Accordingly, petitioner failed to present a proper argument, and the BIA's dismissal of his appeal was not an abuse of discretion.[1]

## II. Motion to Reopen

The BIA abused its discretion in denying Devora-Rojas' motion to reopen based on ineffective assistance of counsel.  "A claim of ineffective assistance of counsel requires a showing of inadequate performance and prejudice."  *Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1088 (9th Cir. 2015) (per curiam).  The prejudice element in the context of a motion to reopen requires the petitioner to show "that the asserted ground for relief is at least plausible."  *Id.*[2]  The record in this case

---

[1] To the extent that petitioner is attempting to challenge the BIA's original decision, we lack jurisdiction to consider his contentions because he failed to raise them at the appropriate time.  He did not seek judicial review of the BIA's November 2010 decision.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996) ("[A] deportation order is 'final when issued, irrespective of the later filing of a reconsideration motion, and the aggrieved party [must] seek judicial review of the order within the specified period.'" (quoting *Stone v. INS*, 514 U.S. 386, 395 (1995)).  In addition, the new hardship information petitioner offers on appeal concerning his mother's serious kidney problems is not properly before us.  *See Barrientos v. Lynch*, 829 F.3d 1064, 1067 n.1 (9th Cir. 2016) (order) (stating that, "[a]s a general matter," this court's review of the merits is limited to "the administrative record on which the order of removal is based" (quoting 8 U.S.C. § 1252(b)(4)(A)).

[2] Contrary to the BIA's order, Devora-Rojas was not required to show prima facie eligibility for voluntary departure.  *See Martinez-Hernandez*, 778 F.3d at 1088 (expressly rejecting the notion that a petitioner must "make out a prima facie case of eligibility for the ultimate relief sought").

easily satisfies that standard with respect to voluntary departure and adjustment of status.[3]

Indeed, the transcript of Devora-Rojas' merits hearing in October 2009, combined with the declaration he submitted with his motion to reopen, demonstrate his *likely* eligibility for voluntary departure. *See* 8 U.S.C. § 1229c(b)(1); *Bhasin v. Gonzales*, 423 F.3d 977, 987 (9th Cir. 2005) ("[F]acts presented in affidavits supporting a motion to reopen must be accepted as true unless inherently unbelievable."). The Supreme Court has noted that an alien may obtain multiple benefits from departing voluntarily, including, "of great importance, . . . facilitat[ing] the possibility of readmission." *Dada v. Mukasey*, 554 U.S. 1, 11 (2008). Yet Devora-Rojas' prior counsel neither advised him on the advantages of voluntary departure nor requested that relief on his behalf.

The record also shows Devora-Rojas' plausible entitlement to adjustment of status under 8 U.S.C. § 1255(i). Prior counsel filed an adjustment of status application on his behalf, but entirely failed to pursue it. Devora-Rojas asserts that a labor certification petition was filed on his behalf in 1995, and evidence of the

---

[3] We conclude, however, that Devora-Rojas has not shown prejudice as to his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The record evidence does not suggest that, with effective counsel, he could have plausibly shown that his removal would cause "exceptional and extremely unusual hardship to his qualifying family members. *See Martinez-Hernandez v. Holder*, 778 F.3d 1086, 1089 (9th Cir. 2015) (per curiam) (quoting 8 U.S.C. § 1229b(b)(1)(D)).

4

petition's existence is also in the record. Assuming the existence of the petition for purposes of the motion, *see Bhasin*, 423 F.3d at 987, Devora-Rojas has shown plausible eligibility for adjustment of status. *See* 8 U.S.C. § 1255(i) (allowing "an alien physically present in the United States" who is the beneficiary of a labor certification petition filed on or before April 30, 2001 to adjust status to lawful permanent residence).

Accordingly, the record plainly shows that "counsel's performance was so inadequate that it 'may have affected the outcome of the proceedings.'" *Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam) (quoting *Iturribarria v. INS*, 321 F.3d 889, 900 (9th Cir. 2003)). In these circumstances, Devora-Rojas' lack of compliance with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), is not fatal to his claim. *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000) (stating that "the *Lozada* requirements are not sacrosanct"). "Here, the record of proceedings themselves is more than adequate" to "ensure both that an adequate factual basis exists in the record for an ineffectiveness complaint and that the complaint is a legitimate and substantial one." *Id.* at 526.

**The petition for review is therefore denied in part and granted in part, and the case is remanded to the BIA for further proceedings. Costs are awarded to the petitioner.**

5