**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WENJIN LIANG, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   17-71319 <br><br> Agency No. A205-172-929 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 12, 2019
Pasadena, California

Before:  TASHIMA and BYBEE, Circuit Judges, and HARPOOL,[**] District Judge.

Wenjin Liang, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") order denying his motion to reopen removal

proceedings conducted in absentia.  We have jurisdiction under 8 U.S.C. § 1252.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

We review for abuse of discretion the denial of a motion to reopen. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We grant the petition for review and remand.

A weak presumption of effective delivery applies to service of notices sent by regular mail. *See id.* at 986–87 ("Where a petitioner actually initiates a proceeding to obtain a benefit . . . and has no motive to avoid the hearing, a sworn affidavit from [petitioner] that neither [he] nor a responsible party residing at his address received the notice should ordinarily be sufficient to rebut the presumption of [regular mail] delivery." (citation omitted)). Here, Liang presented a sworn affidavit that he did not receive any notices by mail after initiating proceedings by filing an asylum application. *See id.* at 988 ("[Filing an] asylum application falls directly within [the] description of 'initiat[ing] a proceeding to obtain a benefit.'" (citation omitted)). We thus grant the petition for review and remand to the agency with instructions to reconsider, in light of Liang's sworn affidavit, its finding that Liang may be charged with constructive receipt of the Notice to Appear dated April 23, 2012.

We do not consider Liang's argument that the government violated 8 U.S.C. § 1229(a)(1)(F) by failing to provide him with written notice of the requirement that he provide a mailing address. We find that Liang adequately preserved this

argument in his pleadings below but that neither the IJ nor the BIA addressed this argument. Where the agency lacked "the opportunity to address the matter in the first instance in light of its own expertise," we remand the matter. *INS v. Orlando Ventura*, 537 U.S. 12, 16–17 (2002). Liang is free to raise this argument on remand. Likewise, we do not review the IJ's finding that Liang was a removable alien. The administrative record does not indicate that Liang challenged the merits of his removability below. Our review is limited to the administrative record underlying the BIA's decision, *Barrientos v. Lynch*, 829 F.3d 1064, 1067 n.1 (9th Cir. 2016), and we thus cannot reach this argument.

**PETITION FOR REVIEW GRANTED; REMANDED**.[1]

---

[1] The government's motion to remand without oral argument, filed December 6, 2018, is **DENIED** as moot.