**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ESAUN TORRES, AKA Esau Torres Medina, | No.   18-72965 |
| Petitioner, | Agency No. A070-967-454 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Esaun Torres, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen and

reconsider.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for abuse

of discretion the denial of a motion to reopen or reconsider.  *Mohammed v.*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Torres's motion to reopen and reconsider as untimely because the motion was filed over six years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(6)(B), (7)(C)(i) (motion to reconsider must be filed within 30 days of final order of removal; motion to reopen must be filed within 90 days of final order of removal), and Torres has not established that any statutory or regulatory exception applies, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3), or that the deadline should be equitably tolled, *see Mejia-Hernandez v. Holder*, 633 F.3d 818, 824 (9th Cir. 2011) (deadline may be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering the deception, fraud, or error").

We lack jurisdiction to review the BIA's determination not to reopen proceedings sua sponte.  *See Mejia-Hernandez*, 633 F.3d at 823-24; *cf. Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016).

Because these determinations are dispositive, we do not reach Torres's contentions regarding due process or eligibility for relief.

We deny Torres's motion to supplement the record on appeal.  *See Barrientos v. Lynch*, 829 F.3d 1064, 1067 n.1 (9th Cir. 2016) ("As a general

2                                                                          18-72965

matter, we cannot consider extra-record evidence. We must limit our review of the merits of [the] petition to 'the administrative record on which the order of removal is based.'" (citing 8 U.S.C. § 1252(b)(4)(A))).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**