**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE PEREZ CORTES, AKA Juan Hernandez Suarez,<br><br>Petitioner,<br><br>v.<br><br>ROBERT M. WILKINSON, Acting Attorney General,<br><br>Respondent. | No. 19-70554<br><br>Agency No. A074-223-190<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 20, 2021**

Before:     McKEOWN, CALLAHAN, and BRESS, Circuit Judges.

Jose Perez Cortes, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"). Our

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

The agency did not err in concluding that Perez Cortes did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I & N. Dec. 227, 237 (BIA 2014))).

We reject as unsupported by the record Perez Cortes' contention that the agency improperly determined that "Chicano/perceived American" was not a nationality. *See* 8 U.S.C. § 1101(a)(21) ("[t]he term 'national' means a person owing permanent allegiance to a state.").

Substantial evidence supports the determination that Perez Cortes failed to

establish a nexus between the harm he experienced or fears and a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (an applicant "must provide *some* evidence of [motive], direct or circumstantial"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *Sagaydak v. Gonzales*, 405 F.3d 1035, 1042 (9th Cir. 2005) (to establish a nexus to a political opinion ground, petitioner must show "(1) that [he] had either an affirmative or imputed political opinion, and (2) that [he was] targeted on account of that opinion.").

Thus, Perez Cortes's withholding of removal claim fails.

Substantial evidence also supports the agency's denial of CAT relief because Perez Cortes failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider Perez Cortes's contentions that the IJ violated his right to due process by denying him the opportunity to present evidence and by failing to advise him about voluntary departure. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (requiring exhaustion of procedural errors that could be corrected by the BIA).

Perez Cortes's contentions that the BIA violated his right to due process by

improperly placing the burden to establish eligibility on him and by not remanding to the IJ for consideration of his eligibility for voluntary departure fail. *See* 8 U.S.C. § 1229c(b)(1)(d) (the applicant bears the burden to establish eligibility for voluntary departure); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

We otherwise lack jurisdiction to review the agency's denial of voluntary departure where Perez Cortes does not raise a constitutional claim or question of law, *see Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 (9th Cir. 2013) (court's jurisdiction is limited to constitutional claims or questions of law in challenges to denials of voluntary departure), and we do not consider new facts referenced in the opening brief as to Perez Cortes's eligibility, *see Barrientos v. Lynch*, 829 F.3d 1064, 1067 n.1 (9th Cir. 2016) (this court's review is limited to the administrative record).

On June 26, 2019, the court granted a stay of removal. The stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

4                                                                                      19-70554