NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERESA DE JESUS CHAVEZ-RIVAS; J.A.M.C., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1228 <br><br> Agency Nos. <br> A215-773-052 <br> A215-773-054 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2023**
San Jose, California

Before: MURGUIA, Chief Judge, and GRABER and FRIEDLAND, Circuit
Judges.

Petitioners Teresa de Jesus Chavez-Rivas and her minor son, natives and

citizens of El Salvador, petition for review of the denial by the Board of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Immigration Appeals ("BIA") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review questions of law de novo and factual findings for substantial evidence.[1] *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). We deny the petition.

Substantial evidence supports the determination by the immigration judge ("IJ") and BIA that Petitioners failed to establish either a well-founded fear of future persecution or that they are more likely than not to be tortured if returned to El Salvador. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028–29 (9th Cir. 2019) (stating standards). Chavez-Rivas stated that she and her son have never been contacted, threatened, or physically harmed by gang members. Although harm to family members can be relevant, here there is no evidence that the beating of her partner was part of "a pattern of persecution closely tied" to Petitioners. *Sharma v. Garland*, 9 F.4th 1052, 1062 (9th Cir. 2021) (quoting *Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009)). Although Chavez-Rivas predicted that gang members will harm Petitioners because of their family association with her partner, the BIA reasonably concluded that these predictions were speculative. *See Bartolome v. Sessions*, 904 F.3d 803, 814 (9th Cir. 2018) ("Speculation on what could occur is not enough to establish a reasonable fear [of persecution].");

---

[1] We do not consider the materials Chavez-Rivas references that are not part of the administrative record. *See, e.g.*, *Barrientos v. Lynch*, 829 F.3d 1064, 1067 n.1 (9th Cir. 2016).

*Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) ("The record must show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture."). Petitioners argue that the IJ and BIA should have considered the risk of harm by corrupt police and by those in El Salvador who target women and deportees from the United States, but Chavez-Rivas does not explain how her fear of mistreatment from those sources is any less speculative.

The BIA appropriately rejected Petitioners' political opinion claim on the ground that it had not been raised before the IJ. *Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019) (holding the BIA "does not *per se* err when it concludes that arguments raised for the first time on appeal do not have to be entertained"). The BIA also did not err in rejecting the argument that the IJ failed to meaningfully address the son's claim; Petitioners made no arguments particular to him before the IJ and nothing in the record indicated that he and Chavez-Rivas were differently situated.

Petition **DENIED**.