NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 6 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TIMOTEO VALLE NAVA,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 22-1832

Agency No.
A205-177-941

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and BADE, Circuit Judges.

Timoteo Valle Nava is a native of Mexico with Mexican citizenship. He

petitions for review of a decision by the Board of Immigration Appeals (BIA). The

BIA dismissed his appeal from a decision of an Immigration Judge (IJ) denying his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

applications for withholding of removal and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. *See Pinto v. Holder*, 648 F.3d 976, 986 (9th Cir. 2011) (holding that the BIA's decision that "denied . . . withholding of removal . . . was a final order of removal" under 8 U.S.C. § 1252); *Nasrallah v. Barr*, 140 S. Ct. 1683, 1691 (2020) (explaining "that a CAT order is reviewable 'as part of the review of a final order of removal' under 8 U.S.C. § 1252" (citations omitted)). We review the agency's legal conclusions de novo and its factual findings for substantial evidence. *See Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). Under the latter standard, the "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We deny the petition.

1. Substantial evidence supports the decision to deny withholding of removal. For Valle Nava to be eligible for withholding of removal, he needed to show that it was "more likely than not" that he faced persecution because of his race, religion, nationality, membership in a particular social group, or political opinions. 8 C.F.R. § 1208.16(b). It is not enough to assert a risk of "indiscriminate violence": the applicant must show a risk of violence "on account of a protected ground." *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) (citation omitted).

The IJ held that there was no evidence in the record that Valle Nava engaged in political activity or expression. Valle Nava testified that he never engaged in any

political activity or belonged to any political groups in Mexico. This testimony, by itself, is substantial evidence to support the IJ's conclusion. While Valle Nava expressed anti-cartel statements, resistance to gang recruitment is "not necessarily based on a political motive." *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (internal quotation marks and citations omitted), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Nor has Valle Nava adequately overcome the substantial evidence establishing that he was not a part of a social group. He claims that he is part of a group of people who oppose gang violence because of his anti-gang sentiments. But Valle Nava's refusal to join a criminal gang does not make him a member of a cognizable social group. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). Because substantial evidence supports the decision to deny withholding of removal based on general cartel recruitment efforts, we affirm.

2. Substantial evidence also supports the denial of relief under the Convention Against Torture. Valle Nava had the burden of showing that it was "more likely than not that he . . . would be tortured if removed to" Mexico. 8 C.F.R. § 1208.16(c)(2). He failed to carry that burden. The only evidence which Valle Nava presents to support his CAT claim is a report from the State Department. We, however, cannot consider this report because it was not in the administrative record. 8 U.S.C. § 1252(b)(4)(A); *Barrientos v. Lynch*, 829 F.3d 1064, 1067 n.1 (9th Cir.

22-1832

2016) ("As a general matter, we cannot consider extra-record evidence.").
Therefore, Valle Nava's brief lacks any evidence to prove why we should reverse
the BIA's CAT determination. The issue is therefore waived. *See Maldonado v.
Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and
inadequately briefed are waived.").

The petition for review is **DENIED.**