**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| GERAL AYALA; MARCELA MORALES; M. M., | No. 25-3878 |
| Petitioners, | Agency Nos.<br>A243-086-919<br>A243-086-920<br>A243-086-921 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Geral Ayala, his wife, and his minor daughter (Petitioners), natives and

citizens of Colombia, seek review of a decision of the Board of Immigration

Appeals (BIA) dismissing their appeal from an immigration judge's (IJ) order

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.[1]

1. Substantial evidence supports the agency's determination that Ayala and his family did not demonstrate harm rising to the level of persecution. *See Urias-Orellana v. Bondi*, 607 U.S. ___, 2026 WL 598435, at *5 (Mar. 4, 2026) (holding that the substantial evidence standard applies to the agency's persecution determination). Contrary to Petitioners' assertion, the agency considered the incidents of harm cumulatively. *See Sharma v. Garland*, 9 F.4th 1052, 1061 (9th Cir. 2021) (explaining that "all the incidents" of harm should be considered cumulatively) (citation omitted). Over several years, Ayala experienced intermittent instances of harm from members of Fortaleza Leoparda Sur, a soccer fan club of which Ayala was a former member, and others. He was also beaten by the police as a teenager. None of these incidents involved "significant physical violence" or serious injuries that required medical treatment. *Id.* (citation omitted). Additionally, Ayala's wife and daughter were never harmed. *See id*. at 1062

---

[1] As Respondent asserts, Ayala does not challenge the agency's determination that (1) he failed to demonstrate any past or feared future harm on account of his actual or imputed political opinion, and (2) his wife and daughter failed to establish such harm on account of their membership in the particular social group (PSG) "Immediate family of [Geral Ayala]." Therefore, Petitioners forfeited review of these issues. *See Antonio v. Garland*, 58 F.4th 1067, 1072 n.7 (9th Cir. 2023).

("Another recurring factor that arises in our cases is harms that have befallen a petitioner's family members or close friends.").

Threats, while relevant, do not necessarily compel a finding of past persecution unless the threats, usually in combination with other mistreatment, "effect significant actual suffering or harm." *Id.* (quoting *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003)). Ayala was threatened with death, but the threats were unaccompanied by physical violence. He described being assaulted three times, but he never required medical treatment. *Id.* at 1061. Thus, the record does not compel the conclusion that Ayala experienced harm rising to the level of persecution. *See id.* at 1063 (discussing non-exhaustive list of relevant factors).

2.      The BIA affirmed the IJ's determination that the proposed PSG "Colombian witnesses to crimes who are willing to testify against criminals" was not cognizable because it lacked particularity, and that the proposed PSG "former members of Fortaleza Leoparda Sur" was not cognizable because it lacked social distinction.[2]

Ayala argues that the PSG "former members of Fortaleza Leoparda Sur" is socially distinct in Colombian society. But his argument relies on conclusory

---

[2] Ayala argues that the BIA erred because both proposed PSGs satisfy the social distinction and the particularity requirements. Our "review is limited to those grounds explicitly relied upon by the [BIA]." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075 (9th Cir. 2020) (citation omitted). Therefore, we do not consider arguments on issues the BIA did not decide.

statements based on materials that are not part of the administrative record, and therefore we cannot rely on them. 8 U.S.C. § 1252(b)(4)(A); *see Barrientos v. Lynch*, 829 F.3d 1064, 1067 n.1 (9th Cir. 2016). Ayala has not pointed to any record evidence compelling a conclusion contrary to the agency's that this PSG lacks social distinction.

Ayala argues that the PSG "Colombian witnesses to crime who are willing to testify" satisfies the particularity requirement.[3] But those who are "willing to testify" are subject to change and cannot be "easily verified" or "delimited." *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1091, 1093 (9th Cir. 2013) (concluding that the PSG "people who testified against gang members" satisfied the particularity requirement because those who testified could be "easily verified"); *see Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d 1093 (concluding that a PSG based on general opposition to gang violence is not cognizable).

3.      The agency did not err by failing to conduct a nexus analysis between the harm Ayala alleged and the proposed PSGs. The agency was not required to

---

[3] Ayala also describes this PSG as "[w]itnesses who come to the attention of criminals because they have reported or are willing to testify." We do not consider this new formulation of the PSG because, as Respondent notes, it was not presented to the agency. *See Suate Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (holding that even though the administrative exhaustion requirement of 8 U.S.C. § 1252(d)(1) is not jurisdictional, it is a mandatory claim processing rule that a court must enforce if a party raises the issue).

do so because it found the proposed PSGs not cognizable. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Further, the BIA determined that Petitioners "did not establish past persecution or a well-founded fear or clear probability of future persecution on account of a statutorily protected ground."

4.      Substantial evidence supports the denial of CAT protection. "To qualify for CAT protection, a petitioner must show it is 'more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.16(c)(2)). Petitioners have not pointed to any record evidence compelling the conclusion that it is more likely than not that they would be tortured by or with the acquiescence of the government if returned to Colombia. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (evidence of generalized violence and crime in Mexico was not particular to the petitioners and did not satisfy the petitioners' burden).

**PETITION DENIED.**[4]

---

[4] The motion for stay of removal, Dkt. 2, is denied.